UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LOREN RAYMOND FOLLETT

    Petitioner,                                           3:16-cv-00370-HDM-WGC

vs.

                                                  **ORDER**

ROBERT LeGRAND, *et al.*,

    Respondents.

_____/

      This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Loren Raymond Follett, a Nevada prisoner. Follett initiated this action on June 23, 2016, by filing his habeas corpus petition, along with several exhibits (ECF No. 1).

      The Court has reviewed Follett's petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and determines that it merits service upon the respondents.

      **IT IS THEREFORE ORDERED** that the clerk of the court shall add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents.

      **IT IS FURTHER ORDERED** that the clerk of the court shall electronically serve upon respondents a copy of the petition for writ of habeas corpus (ECF No. 1), and a copy of this order.

1 **IT IS FURTHER ORDERED** that respondents shall have 60 days from the date on which
2 the petition is served upon them to appear in this action, and to file an answer or other response to
3 the habeas corpus petition.

4 **IT IS FURTHER ORDERED** that the following schedule shall apply:

5 Reply.  Petitioner shall have 45 days following service of an answer to file and serve a reply.
6 Respondents shall thereafter have 30 days following service of a reply to file and serve a response to
7 the reply.

8 Briefing of Motion to Dismiss.  If respondents file a motion to dismiss, petitioner shall have
9 60 days following service of the motion to file and serve a response to the motion.  Respondents
10 shall thereafter have 30 days following service of the response to file and serve a reply.

11 Discovery.  If petitioner wishes to move for leave to conduct discovery, petitioner shall file
12 and serve such motion concurrently with, but separate from, the response to respondents' motion to
13 dismiss or the reply to respondents' answer.  Any motion for leave to conduct discovery filed by
14 petitioner before that time may be considered premature, and may be denied, without prejudice, on
15 that basis.  Respondents shall file and serve a response to any such motion concurrently with, but
16 separate from, their reply in support of their motion to dismiss or their response to petitioner's reply.
17 Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for leave to
18 conduct discovery.

19 Evidentiary Hearing.  If petitioner wishes to request an evidentiary hearing, petitioner shall
20 file and serve a motion for an evidentiary hearing concurrently with, but separate from, the response
21 to respondents' motion to dismiss or the reply to respondents' answer.  Any motion for an
22 evidentiary hearing filed by petitioner before that time may be considered premature, and may be
23 denied, without prejudice, on that basis.  The motion for an evidentiary hearing must specifically
24 address why an evidentiary hearing is required, and must meet the requirements of 28 U.S.C.
25 § 2254(e).  The motion must state whether an evidentiary hearing was held in state court, and, if so,
26 state where the transcript is located in the record.  If petitioner files a motion for an evidentiary

hearing, respondents shall file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for an evidentiary hearing.

      Dated this 6th day of July, 2016.

                                                           _/s/ Howard D. McKibben_____
                                                           UNITED STATES DISTRICT JUDGE