UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LOREN RAYMOND FOLLETT

    Petitioner,                                          3:16-cv-00370-HDM-WGC

vs.

**ORDER**

ROBERT LeGRAND, *et al.*,

    Respondents.

_____/

Introduction

    In this habeas corpus action, brought by Nevada prisoner Loren Raymond Follett, the respondents have filed a motion to dismiss. The court will grant that motion in part and deny it in part. The court finds one claim in Follett's habeas petition to be unexhausted in state court. The court will require Follett to make an election regarding that unexhausted claim. In all other respects, the court will deny the motion to dismiss.

Background

    Follett was convicted of sexual assault in Nevada's Second Judicial District Court, and he was sentenced to life in prison with the possibility of parole after ten years. *See* Judgment of Conviction, Exhibit 43 (ECF No. 9-3) (The exhibits referred to in this order were filed by

respondents and are located in the record at ECF Nos. 7, 8, 9, 10 and 11.).  The judgment of conviction was entered on March 30, 2012.  *See id*.

Follett appealed and the Nevada Supreme Court affirmed on May 15, 2013.  *See* Order of Affirmance, Exhibit 64 (ECF No. 10-4).

Follett filed a petition for writ of habeas corpus in the state district court on April 21, 2014.  *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 73 (ECF Nos. 10-13, 10-14, 10-15).  The state district court dismissed Follett's petition in an order filed November 21, 2014.  *See* Order Granting Motion to Dismiss, Exhibit 80 (ECF No. 10-22).  Follett appealed, and the Nevada Supreme Court affirmed on March 17, 2016.  *See* Order of Affirmance, Exhibit 94 (ECF No. 11-14).

Follett initiated this federal habeas corpus action on June 23, 2016.  In his federal habeas petition (ECF No. 1), Follett asserts five claims.  In Ground 1, Follett claims that he was denied his federal constitutional rights as a result of jury instructions regarding sexual assault.  *See* Petition for Writ of Habeas Corpus (ECF No. 1), pp. 6-11.  In Ground 2, Follett claims that his federal constitutional rights were violated "because the trial court erred in permitting the State to present the testimony of an 'expert' about matters that were irrelevant, would be confusing to the jury, and would not be helpful to the jury's understanding of any issue in the case."  *See id*. at 11-19.  In Ground 3, Follett claims that he was denied his federal constitutional right to effective assistance of counsel because his trial counsel "failed to pursue defenses available to petitioner by failing to properly investigate the case and interview witnesses who could assist in petitioner's defense."  *See id*. at 19-22.  In Ground 4, Follett claims that he was denied his federal constitutional right to effective assistance of counsel because his appellate counsel "failed to pursue defenses available to petitioner or even file a reply on direct appeal."  *See id*. at 22-23.  And, finally, Ground 5 is a cumulative error claim; Follett claims that his federal constitutional rights were violated as a result of the multiple errors described in his petition.  *See id*. at 23-25.

Respondents filed their motion to dismiss (ECF No. 4) on August 31, 2016.  In the motion to dismiss, respondents contend that Grounds 2 and 5 are unexhausted in state court.  *See* Motion to Dismiss (ECF No. 4), pp. 2-4.  Respondents also assert that there exists a possibility of a conflict of interest on the part of Follett's counsel, but they do not seek dismissal or other relief on that basis.  *See id*. at 4-5.  And, finally, in their motion, respondents point out that Follett's petition is unverified.  *See id*. at 5.  Follet filed an opposition to the motion to dismiss on November 2, 2016 (ECF No. 14).  Respondents replied on November 10, 2016 (ECF No. 15).

Discussion

Exhaustion

A federal court may not grant habeas corpus relief on a claim not exhausted in state court.  28 U.S.C. § 2254(b).  The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations.  *See Picard v. Conner*, 404 U.S. 270, 275 (1971).  To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it.  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. TaFollett-Reyes*, 504 U.S. 1, 10 (1992).  A claim is fairly presented to the state court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based.  *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

Respondents assert in their motion to dismiss that Follett has not exhausted his state-court remedies with respect to Ground 2.  *See* Motion to Dismiss (ECF No. 4), pp. 2-4.  Ground 2 is Follett's claim that he was denied his federal constitutional rights "because the trial court erred in permitting the State to present the testimony of an 'expert' about matters that were irrelevant, would be confusing to the jury, and would not be helpful to the jury's understanding of any issue in the case."  *See* Petition for Writ of Habeas Corpus, pp. 11-19.

Follett raised a claim similar to Ground 2 on his direct appeal. *See* Appellant's Opening Brief, Exhibit 59, pp. 14-20 (ECF No. 9-19, pp. 19-25). However, there, on his direct appeal, Follett's claim was based completely on state law; he gave no indication that he claimed a federal constitutional violation. *See id*. Follett also raised a claim similar to Ground 2 on the appeal in his state habeas action. *See* Appellant's Opening Brief, Exhibit 90, pp. 21-29 (ECF No. 11-10, pp. 22-30). There again, however, Follett did not claim a federal constitutional violation. *See id*.; *see also* Appellant's Reply Brief, Exhibit 93 (ECF No. 11-13). For purposes of the exhaustion requirement in a federal habeas action, it is not enough that the petitioner presented to the state court the facts necessary to support an unidentified federal claim, or that the petitioner presented to the state court a state law claim that is similar to the federal constitutional claim he asserts in federal court. *See Baldwin v. Reese*, 541 U.S. 27, 28 (2004); *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000) (mere similarity between state and federal claims is insufficient to establish exhaustion). Ground 2 is unexhausted in state court.

Respondents also argue that Ground 5, Follett's cumulative error claim, is unexhausted in state court. The court disagrees. Follett's cumulative error claim is exhausted so long as he has multiple exhausted claims to be considered cumulatively, and that appears to be the case here; there is no dispute with respect to the question of exhaustion of Grounds 1, 3 and 4.

The court will require Follett to make an election regarding Ground 2. With respect to Ground 2, Follett must elect to do one of the following: (1) file a notice stating that he wishes to abandon Ground 2 and proceed in this action with the litigation of his other claims; or (2) file a motion for a stay, under *Rhines v. Weber*, 544 U.S. 269 (2005), requesting a stay of this action while he exhausts his unexhausted claim in state court.

Follett is warned that, if he does not make this election, as required, within the time allowed, the Court will dismiss this entire action, "without prejudice," pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). Follett is further warned that if this action is dismissed in its entirety, nominally "without prejudice," he may be barred by the statute of limitations from ever initiating any

subsequent federal habeas corpus action regarding the conviction and sentence that are the subject of this case. That is because, unless there is some form of tolling available to Follett that is not now apparent to the Court, the limitations period imposed by 28 U.S.C. § 2244(d) has either already run out or will likely run out before a new federal habeas action could be initiated. A federal habeas corpus petition does not toll the statute of limitations relative to a subsequent federal habeas action. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)"). If Follett elects to file a motion for a stay, to show that a stay is warranted, he must make the showing required under *Rhines*.

Potential Conflict of Interest

The court notes that, as Follett is represented in this case by the same counsel who represented him in his state habeas action, there is a potential conflict of interest. However, respondents do not argue that there is now an actual conflict of interest, and respondents do not request any relief in this regard. Therefore, the court does not further address this issue.

Verification of Petition

Respondents point out that Follett's habeas petition is not verified as required by 28 U.S.C. § 2242 and Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts. In response, Follett filed what appears to be a verification of the petition. *See* Verification, attached to Opposition to Motion to Dismiss (ECF No. 14, p. 6) ("I declare under penalty of perjury that I am the attorney of record for Petitioner, and that to the best of my knowledge, the foregoing is true and correct, and that I am the person authorized to sign this Petition under 28 U.S.C. 2254.") This argument by respondents is, therefore, moot.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 4) is **GRANTED IN PART AND DENIED IN PART**. The court finds Ground 2 of the habeas petition (ECF No. 1) to be unexhausted in state court; the court will grant petitioner an opportunity to make an election with respect to that claim. In all other respects, respondents' motion to dismiss is denied.

**IT IS FURTHER ORDERED** that, with respect to Ground 2, which is unexhausted in state court, petitioner must, within **45 days** from the date of this order, make an election; within that time, petitioner must do one of the following: (1) file a notice stating that he wishes to abandon Ground 2 and proceed with this action with regard to his remaining claims, or (2) file a motion for a stay, requesting that this case be stayed while he exhausts the unexhausted claim in state court. If petitioner does not make that election within the time allowed, the court will dismiss this entire action, without prejudice, pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

Dated this 21st day of November, 2016.

*/s/ Howard D. McKibben*
UNITED STATES DISTRICT JUDGE