1
2
3
4
5
6                        **UNITED STATES DISTRICT COURT**
7                            **DISTRICT OF NEVADA**
8
9    LOREN RAYMOND FOLLETT
10           Petitioner,                          3:16-cv-00370-HDM-WGC
11   vs.
                                                  **ORDER**
12   ROBERT LeGRAND, *et al.*,
13           Respondents.
14   _____/
15
16   Introduction
17          In this habeas corpus action, the petitioner, Loren Raymond Follett, has filed a motion for
18   stay, requesting that this case be stayed while he returns to state court to exhaust his state-court
19   remedies with respect to the one unexhausted claim in his petition for writ of habeas corpus.
20   Respondents have filed an opposition to that motion.  The Court will deny Follett's motion for stay.
21   The Court will grant Follett an opportunity to abandon his unexhausted claim and proceed with this
22   case, and will set a schedule for further proceedings thereafter.
23   Background
24          Follett was convicted of sexual assault in Nevada's Second Judicial District Court, and he
25   was sentenced to life in prison with the possibility of parole after ten years.  *See* Judgment of
26   Conviction, Exhibit 43 (ECF No. 9-3) (The exhibits referred to in this order were filed by

1    respondents and are located in the record at ECF Nos. 7, 8, 9, 10 and 11.).  The judgment of

2    conviction was entered on March 30, 2012.  *See id.*

3           Follett appealed and the Nevada Supreme Court affirmed on May 15, 2013.  *See* Order of

4    Affirmance, Exhibit 64 (ECF No. 10-4).

5           Follett filed a petition for writ of habeas corpus in the state district court on April 21, 2014.

6    *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 73 (ECF Nos. 10-13, 10-14,

7    10-15).  The state district court dismissed Follett's petition in an order filed November 21, 2014.

8    *See* Order Granting Motion to Dismiss, Exhibit 80 (ECF No. 10-22).  Follett appealed, and the

9    Nevada Supreme Court affirmed on March 17, 2016.  *See* Order of Affirmance, Exhibit 94 (ECF

10   No. 11-14).

11          Follett initiated this federal habeas corpus action on June 23, 2016.  In his federal habeas

12   petition (ECF No. 1), Follett asserts five claims.  In Ground 1, Follett claims that he was denied his

13   federal constitutional rights as a result of jury instructions regarding sexual assault.  *See* Petition for

14   Writ of Habeas Corpus (ECF No. 1), pp. 6-11.  In Ground 2, Follett claims that his federal

15   constitutional rights were violated "because the trial court erred in permitting the State to present the

16   testimony of an 'expert' about matters that were irrelevant, would be confusing to the jury, and

17   would not be helpful to the jury's understanding of any issue in the case."  *See id.* at 11-19.  In

18   Ground 3, Follett claims that he was denied his federal constitutional right to effective assistance of

19   counsel because his trial counsel "failed to pursue defenses available to petitioner by failing to

20   properly investigate the case and interview witnesses who could assist in petitioner's defense."  *See*

21   *id.* at 19-22.  In Ground 4, Follett claims that he was denied his federal constitutional right to

22   effective assistance of counsel because his appellate counsel "failed to pursue defenses available to

23   petitioner or even file a reply on direct appeal."  *See id.* at 22-23.  And, finally, Ground 5 is a

24   cumulative error claim; Follett claims that his federal constitutional rights were violated as a result of

25   the multiple errors described in his petition.  *See id.* at 23-25.

26

1    Respondents filed a motion to dismiss on August 31, 2016, contending that Grounds 2 and 5

2  are unexhausted in state court.  *See* Motion to Dismiss (ECF No. 4), pp. 2-4.  The Court ruled on that

3  motion on November 21, 2016, determining that Ground 2 is unexhausted in state court, but that

4  Ground 5 is not.  *See* Order entered November 21, 2016 (ECF No. 16), pp. 3-4.  The Court granted

5  Follett an opportunity to make an election to either abandon Ground 2 or move for a stay of this

6  action while he exhausts Ground 2 in state court.  *See id*. at 4-5.

7    Follett filed a motion for stay on January 4, 2017 (ECF No. 17).  Respondents filed an

8  opposition to that motion on January 20, 2017 (ECF No. 18).  Follett did not reply.

9  <u>Discussion</u>

10    In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the

11  discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of

12  claims in state court.  The *Rhines* Court stated:

13        [S]tay and abeyance should be available only in limited circumstances.
14  Because granting a stay effectively excuses a petitioner's failure to present his claims
   first to the state courts, stay and abeyance is only appropriate when the district court
   determines there was good cause for the petitioner's failure to exhaust his claims first
15  in state court.  Moreover, even if a petitioner had good cause for that failure, the
   district court would abuse its discretion if it were to grant him a stay when his
16  unexhausted claims are plainly meritless.  Cf. 28 U.S.C. § 2254(b)(2) ("An
   application for a writ of habeas corpus may be denied on the merits, notwithstanding
17  the failure of the applicant to exhaust the remedies available in the courts of the
   State").

18                                          *    *    *

19
20        [I]t likely would be an abuse of discretion for a district court to deny a stay
   and to dismiss a mixed petition if the petitioner had good cause for his failure to
21  exhaust, his unexhausted claims are potentially meritorious, and there is no indication
   that the petitioner engaged in intentionally dilatory litigation tactics.  In such
   circumstances, the district court should stay, rather than dismiss, the mixed petition.
22

23  *Rhines*, 544 U.S. at 277-78; *see also Blake v. Baker*, 745 F.3d 977, 980-81 (9th Cir.2014).

24    In his motion for stay, Follett's argument that there was good cause for his failure to exhaust

25  Ground 2 in state court is, in its entirety, as follows:

26

1          As the Court noted in its Order, ECF No. 16, Follett did raise the Count 2
2     issue in the state court system, but couched it in terms of state law and not federal
      law.  Follett's counsel was apparently lacking the foresight to see a habeas petition
3     down the road, or, if so, was not versed in the ways of habeas petitions and the need
      for exhaustion of federal grounds for relief in the state court system.  But the same
4     argument can be made under federal law.

5    Motion for Stay (ECF No. 17), p. 2.  The Court understands Follett to contend that, on his direct

6    appeal, his counsel was ineffective for failing to raise, as a federal constitutional claim, the claim that

7    is Ground 2 of his petition in this case.  *See* Appellant's Opening Brief, Exhibit 59, pp. 14-20 (ECF

8    No. 9-19, pp. 19-25).

9          Ineffective assistance of counsel may constitute cause for a failure to properly exhaust claims

10   in state court, within the meaning of *Rhines*.  *See Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014)

11   (ineffective assistance of state post-conviction counsel as cause for a *Rhines* stay); *see also Ortiz v.*

12   *Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (ineffective assistance of counsel as cause for procedural

13   default).

14         In his state-court habeas corpus action, Follett did not assert, as a federal constitutional claim,

15   the substantive claim now designated Ground 2 (nor did he claim that his counsel on his direct

16   appeal was ineffective for not asserting such a federal constitutional claim).  *See* Petition for Writ of

17   Habeas Corpus (Post-Conviction), Exhibit 73 (ECF No. 10-13, pp. 3-19); Appellant's Opening

18   Brief, Exhibit 90 (ECF No. 11-10); Appellant's Reply Brief, Exhibit 93 (ECF No. 11-13).  Follett

19   appears to make no argument that there was cause for his failure to raise such a claim in his state

20   habeas action.

21         Moreover, with respect to his argument that there was cause for his failure to raise his federal

22   constitutional claim regarding the expert testimony on his direct appeal, Follett does not show

23   ineffective assistance of counsel.  A petitioner fails to establish cause where he merely points out

24   that his counsel failed to raise a claim, and "has not developed any ineffective assistance of counsel

25   argument" under the standards established in *Strickland v. Washington*, 466 U.S. 668 (1984)."

26   *Wooten v. Kirkland*, 540 F.3d 1019, 1024 n. 2 (9th Cir. 2008).  Under *Strickland*, to show ineffective

assistance of counsel, a petitioner must show that his counsel's performance "fell below an objective standard of reasonableness" and that "the deficient performance prejudiced him." *Strickland*, 466 U.S. at 687-88.  Follett does not show that he was prejudiced by his counsel's failure to assert a federal constitutional claim concerning the expert testimony he complains of in Ground 2.  Follett's direct appeal counsel asserted a claim that the admission of the subject expert testimony was an abuse the trial court's discretion under state law, and the Nevada Supreme Court rejected that claim. *See* Appellant's Opening Brief, Exhibit 59, pp. 14-20 (ECF No. 9-19, pp. 19-25); Order of Affirmance, Exhibit 64, p. 2 (ECF No. 10-4, p. 3).  The state-law claim involved a less stringent standard than the federal constitutional claim that Follett now claims should have been asserted.  To obtain relief on his state-law claim, Follett needed only to show that the trial court abused its discretion, and that, but for the error, a different result might reasonably have been expected.  *See Hallmark v. Eldridge*, 189 P.3d 646, 654 (Nev. 2008).  On the other hand, in order to obtain relief on a claim that the admission of the expert testimony violated the Due Process Clause of the United States Constitution, Follett would have had to demonstrate that the admission of the expert testimony "so fatally infected the proceedings as to render them fundamentally unfair."  *See*, *e.g.*, *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991).  Given this more difficult standard, it is plain that the federal constitutional claim would have failed along with the state-law claim that was asserted.  Follett's counsel was not ineffective, under *Strickland*, for failing to assert the federal constitutional claim because there is no showing that Follett was prejudiced.  There is no showing of good cause for Follett's failure to exhaust Ground 2.  Therefore, the Court will deny Follett's motion for stay.

        As the court found in its November 21, 2016, order (ECF No. 16), Follett's habeas petition includes both exhausted and unexhausted claims.  Under *Rose v. Lundy*, 455 U.S. 509 (1982), such a petition must be dismissed.  The court will, however, grant Follett an opportunity to abandon his unexhausted claim, Ground 2 of his petition for writ of habeas corpus.  Follett is cautioned that, if he does not file a notice of abandonment of Ground 2 within the time allowed, this action will be dismissed, nominally "without prejudice," pursuant to *Rose*.  Follett is further cautioned that if this

1  action is dismissed, even "without prejudice," he may be barred by the statute of limitations from

2  initiating any subsequent federal habeas action.

3       **IT IS THEREFORE ORDERED** that petitioner's Motion for Stay (ECF No. 17) is

4  **DENIED**.

5       **IT IS FURTHER ORDERED** that petitioner shall have **30 days** from the entry of this order

6  to file a notice of abandonment of claim, stating that he wishes to abandon Ground 2.  If petitioner

7  does not file a notice of abandonment of Ground 2 within the time allowed, this action will be

8  dismissed, without prejudice, pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

9       **IT IS FURTHER ORDERED** that, if petitioner files a notice of abandonment of Ground 2,

10  respondents shall, thereafter, have **60 days** to file an answer, responding to petitioner's remaining

11  claims.

12       **IT IS FURTHER ORDERED** that, in all other respects, beyond the filing of respondents'

13  answer, the schedule for further proceedings shall be as set forth in the order entered on July 6, 2016

14  (ECF No. 2).

15       Dated this 27th day of March, 2017.

16

17                        *Howard D. McKibben*

18                        UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26