UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LOREN RAYMOND FOLLETT,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:16-cv-00370-HDM-WGC

ORDER

Introduction

This habeas corpus action, brought by Nevada prisoner Loren Raymond Follett, is before the Court with respect to the merits of the claims remaining in Follett's petition. The Court will deny Follett's petition.

Background

On March 30, 2012, after a jury trial, Follett was convicted of sexual assault in Nevada's Second Judicial District Court, and he was sentenced to life in prison, with the possibility of parole after ten years. *See* Judgment of Conviction, Exhibit 43 (ECF No. 9-3) (The exhibits referred to in this order were filed by respondents and are located in the record at ECF Nos. 7, 8, 9, 10 and 11.).

Follett appealed, and the Nevada Supreme Court affirmed on May 15, 2013. *See* Order of Affirmance, Exhibit 64 (ECF No. 10-4).

Follett then filed a petition for writ of habeas corpus in the state district court on April 21, 2014. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 73 (ECF Nos. 10-13, 10-14, 10-15). The state district court dismissed Follett's petition in an order filed on November 21, 2014. *See* Order Granting Motion to Dismiss, Exhibit 80 (ECF No. 10-22). Follett appealed, and the Nevada Supreme Court affirmed on March 17, 2016. *See* Order of Affirmance, Exhibit 94 (ECF No. 11-14).

Follett initiated this federal habeas corpus action on June 23, 2016. In his petition (ECF No. 1), Follett asserts five claims. In Ground 1, Follett claims that he was denied his federal constitutional rights as a result of jury instructions regarding sexual assault. *See* Petition for Writ of Habeas Corpus (ECF No. 1), pp. 6-11. In Ground 2, Follett claims that his federal constitutional rights were violated "because the trial court erred in permitting the State to present the testimony of an 'expert' about matters that were irrelevant, would be confusing to the jury, and would not be helpful to the jury's understanding of any issue in the case." *See id.* at 11-19. In Ground 3, Follett claims that he was denied his federal constitutional right to effective assistance of counsel because his trial counsel "failed to pursue defenses available to petitioner by failing to properly investigate the case and interview witnesses who could assist in petitioner's defense." *See id.* at 19-22. In Ground 4, Follett claims that he was denied his federal constitutional right to effective assistance of counsel because his appellate counsel "failed to pursue defenses available to petitioner or even file a reply on direct appeal." *See id.* at 22-23. And, finally, Ground 5 is a cumulative error claim; Follett claims that his federal constitutional rights were violated as a result of the multiple errors described in his petition. *See id.* at 23-25.

Respondents filed a motion to dismiss (ECF No. 4) on August 31, 2016, contending that Grounds 2 and 5 are unexhausted in state court. *See* Motion to Dismiss (ECF No. 4), pp. 2-4. On November 21, 2016, the Court ruled on that motion, concluding that Ground 2 is unexhausted in state court, and that Ground 5 is exhausted to the extent that his other claims are. *See* Order entered November 21, 2016 (ECF No. 16). With regard to Ground 2, the Court required Follett to either abandon that claim, or move for a stay so

that he could exhaust the claim in state court. *See id.* Follett then moved for a stay (ECF No. 17). The Court denied the motion for stay on March 27, 2017 (ECF No. 19), and on April 12, 2017, Follett abandoned the unexhausted claim, Ground 2 (ECF No. 20).

Respondents filed their answer on June 28, 2017 (ECF No. 23). Follett did not file a reply.

Discussion

Standard of Review

28 U.S.C. § 2254(d) sets forth the standard of review applicable in this case under the Antiterrorism and Effective Death Penalty Act (AEDPA):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S.

3

at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

The Supreme Court has instructed that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has stated "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer*, 538 U.S. at 75); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing standard as "a difficult to meet" and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt" (internal quotation marks and citations omitted)).

Ground 1

In Ground 1, Follett claims that he was denied his federal constitutional rights as a result of jury instructions regarding sexual assault. *See* Petition for Writ of Habeas Corpus (ECF No. 1), pp. 6-11. Follett contends that that the trial court violated his federal constitutional rights "by instructing the jury that force was not necessary for sexual assault and all that was necessary was the penetration be against [the victim's] will without also instructing the jury that there must be some manifestation of [the victim's] lack of consent that would provide a reasonable person with the understanding that [the victim] was not consenting." *Id.* at 6.

Follett asserted this claim on his direct appeal. *See* Appellant's Opening Brief, Exhibit 59, pp. 10-14 (ECF No. 9-19, pp. 15-19). The Nevada Supreme Court ruled as follows:

> Relying on this court's opinion in *Rosas v. State*, 122 Nev. 1258, 1264, 147 P.3d 1101, 1106 (2006), appellant Loren Follett contends that the district court was required to, sua sponte, instruct the jury that a

4

> reasonable mistaken belief as to consent is a defense to sexual assault even though his theory of defense was that he did not engage in sexual intercourse with the victim. Follett is mistaken. Under *Rosas*, "a defendant is entitled to a jury instruction on a *lesser-included offense* if there is any evidence at all, however slight, on any reasonable theory of the case under which the defendant might be convicted of that offense." 122 Nev. at 1264-65, 147 P.3d at 1106 (emphasis added) (internal quotation marks omitted). Even if this court were to extend the holding of *Rosas* to other jury instructions, such as the mistaken-belief instruction, no evidence was presented that Follett had a good faith belief that the victim consented to sexual intercourse. *Cf. Carter v. State*, 121 Nev. 759, 761-65, 121 P.3d 592, 594-96 (2005). Where, as here, "the defendant denies any complicity in the crime charged …, [a lesser included offense] instruction is not only unnecessary but is erroneous because it is not pertinent." *Lisby v. State*, 82 Nev. 183, 187, 414 P.2d 592, 595 (1966). Therefore, Follett is not entitled to relief.

Order of Affirmance, Exhibit 64, pp. 1-2 (ECF No. 10-4, pp. 2-3).

Follett then raised the same claim in his state habeas petition. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 73A, pp. 4-8 (ECF No. 10-13, pp. 6-10). On the appeal in that case, the Nevada Supreme Court ruled as follows on this claim:

> On appeal from the denial of his April 21, 2014, petition, appellant first argues that the district court erred in denying his claims that the trial court had erred in failing to instruct the jury that a reasonable but mistaken belief in consent is a defense to sexual assault and in allowing the State's expert to give testimony regarding delayed reporting of sexual assault. This court considered and rejected these claims on direct appeal. *See Follett v. State*, Docket No. 60784 (Order of Affirmance, May 15, 2013). Those holdings are the law of the case, which "cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings." *Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975). Appellant has failed to demonstrate that those holdings are "so clearly erroneous" as to warrant departing from them. *Tien Fu Hsu v. County of Clark*, 123 Nev. 625, 631, 173 P.3d 724, 729 (2007) (quoting *Clem v. State*, 119 Nev. 615, 620, 81 P.3d 521, 525 (2003)).

Order of Affirmance, Exhibit 94, p. 1 (ECF No. 11-14, p. 2).

In this ruling, the Nevada Supreme Court discussed only the state-law aspects of this issue. The Nevada Supreme Court's construction of Nevada law is authoritative, and is not subject to review in this federal habeas corpus action. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bonin v. Calderon*, 59 F.3d 815, 841 (9th Cir. 1995).

The Nevada Supreme Court did not provide any analysis regarding Follett's federal constitutional claim. "Where a state court's decision is unaccompanied by an explanation,

the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

Follett's claim fails for a fundamental reason: he identifies no federal law, as determined by the Supreme Court of the United States, governing the federal constitutional claim that he asserts. *See Carey v. Musladin*, 549 U.S. 70, 77 (2006). Follett cites to no Supreme Court precedent in his petition, and he did not file a reply to respond to respondents' argument pointing out this shortcoming. *See* Petition for Writ of Habeas Corpus (ECF No. 1), pp. 6-11; Answer (ECF No. 23), p. 4. Lacking any indication what federal law Follett believes the Nevada courts misapplied, his claim is meritless. The Court will deny Follett habeas corpus relief with respect to Ground 1.

Ground 3

In Ground 3, Follett claims that he was denied his federal constitutional right to effective assistance of counsel because his trial counsel "failed to pursue defenses available to petitioner by failing to properly investigate the case and interview witnesses who could assist in petitioner's defense." *See* Petition for Writ of Habeas Corpus (ECF No. 1), pp. 19-22. Follett claims that his trial counsel should have investigated witnesses who observed the victim and himself at a restaurant, his trial counsel should have investigated the circumstances of the victim entering an "amateur stripping contest" at an adult nightclub, and his trial counsel should have investigated a statement by the victim to him that "I don't want to fucking be with you anymore." *See id.* at 20-21.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court propounded a two prong test for claims of ineffective assistance of counsel: the petitioner must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. A court considering a claim of ineffective assistance of counsel must apply a "strong presumption" that counsel's representation was within the "wide

range" of reasonable professional assistance. *Id.* at 689. The petitioner's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To establish prejudice under *Strickland*, it is not enough for the habeas petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

Where a state court has adjudicated a claim of ineffective assistance of counsel under *Strickland*, establishing that the decision was unreasonable under the AEDPA is especially difficult. *See Harrington*, 562 U.S. at 104-05. In *Harrington*, the Supreme Court instructed:

> The standards created by *Strickland* and § 2254(d) are both highly deferential, [*Strickland*, 466 U.S. at 689]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, [*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at 123, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington*, 562 U.S. at 105; *see also Cheney v. Washington*, 614 F.3d 987, 994-95 (9th Cir. 2010).

Follett asserted this claim in his state habeas action, and, on the appeal in that action, the Nevada Supreme Court ruled as follows:

> Appellant next argues that the district court erred in denying his claims of ineffective assistance of trial and appellate counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. Claims must be supported by specific factual allegations that, if true and not repelled by the record, would entitle a petitioner to relief. *Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).
>
> First, appellant argues that trial counsel was ineffective for failing to interview witnesses despite a clear duty to investigate. Appellant has failed

> to demonstrate deficiency or prejudice. For the events where there were witnesses, appellant has not demonstrated that counsel was objectively unreasonable in not interviewing the witnesses because the discrepancies in appellant's and the victim's testimony were minor. As to the beginning of the disagreement, both appellant and the victim testified that they were alone, so there were no witnesses. Moreover, appellant's bare claim does not indicate that he was prejudiced, because he fails to indicate what the witnesses would have said or show how their testimony would have resulted in a different outcome at trial. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). We therefore conclude that the district court did not err in denying this claim.

Order of Affirmance, Exhibit 94, p. 2 (ECF No. 11-14, p. 3).

The Nevada Supreme Court's ruling on this claim was plainly reasonable. Follett simply has never demonstrated what the suggested investigation would have shown. His claim that the suggested investigation would have led to exculpatory evidence is speculative. There is no showing of prejudice. The Court will deny Follett habeas corpus relief with respect to Ground 3.

<u>Ground 4</u>

In Ground 4, Follett claims that he was denied his federal constitutional right to effective assistance of counsel because his appellate counsel "failed to pursue defenses available to petitioner or even file a reply on direct appeal." *See* Petition for Writ of Habeas Corpus (ECF No. 1), pp. 22-23. Follett claims here that, on his direct appeal, "[t]here was no attempt by direct appeal counsel to contact the jurors to find out what had happened in the jury room which led them to reach a unanimous verdict after advising the judge that they were hopelessly deadlocked, only to be told to return to the jury and reach a verdict." *Id.* at 22. Follett also claims that his direct appeal counsel was ineffective because she "failed to reply to the State's opposition to her Opening Brief after requesting not one, but two continuances in the matter." *Id.* at 23.

On the appeal in Follett's state habeas action, the Nevada Supreme Court ruled on this claim as follows:

> … [A]ppellant argues appellate counsel was ineffective for failing to contact the jurors after trial to learn what happened to cause them to move from hung to a unanimous guilty verdict. Appellant has failed to demonstrate deficiency or prejudice. Appellant has not demonstrated that counsel was objectively unreasonable where the general rule is that jurors may not

8

> impeach their own verdict. *See Meyer v. State*, 119 Nev. 554, 562, 80 P.3d 447, 454 (2003). Moreover, appellant's bare claim does not indicate that he was prejudiced, because he fails to state what the jurors would have said or how it would have resulted in a reasonable probability of success on appeal. We therefore conclude that the district court did not err in denying this claim.
>
> … [A]ppellant argues appellate counsel was ineffective for failing to file a reply brief. Appellant has failed to demonstrate deficiency or prejudice. Whether to file a reply brief is discretionary. *See* NRAP 28(c) ("The appellant *may* file a brief in reply." (emphasis added)). Further, appellant has not identified any new matter that the State raised in its answering brief such that a reply brief would have been appropriate. *See id.* ("A reply brief … must be limited to answering any new matter set forth in the opposing brief."). Moreover, appellant's bare claim does not indicate what the reply brief should have said or how it would have resulted in a reasonable probability of success on appeal. We therefore conclude that the district court did not err in denying this claim.

Order of Affirmance, Exhibit 94, p. 3 (ECF No. 11-14, p. 4).

Regarding the first part of this claim – the question of appellate counsel's investigation of the jury deliberations – as with Ground 3, Follett makes no showing what the suggested investigation would have revealed. Nor does Follett show how the results of the suggested investigation could have been used on Follett's direct appeal, or how it would have affected the outcome of that proceeding.

Regarding the second part of this claim – appellate counsel's failure to file a reply brief – Follett does not explain in any detail what the benefit of a reply brief would have been. Follett does not identify any particular argument in the State's answering brief that warranted a reply, and he does not state with any specificity what the reply would have been. This claim is meritless.

The ruling of the Nevada Supreme Court was not contrary to, or an unreasonable application of, *Strickland*, or any other United States Supreme Court precedent, and it was not based on an unreasonable determination of the facts. The Court will deny Follett habeas corpus relief with respect to Ground 4.

Ground 5

Ground 5 is a cumulative error claim. *See* Petition for Writ of Habeas Corpus (ECF No. 1), pp. 23-25. Follett claims that his federal constitutional rights were violated as a result of the multiple errors described in his petition. *See id.*

9

Because Follett has not shown there to have been any constitutional error with regard to his conviction, there are no errors to consider cumulatively, and Ground 5 fails. The Court will deny Follett habeas corpus relief with respect to Ground 5.

Certificate of Appealability

The standard for issuance of a certificate of appealability is governed by 28 U.S.C. § 2253(c). The Supreme Court has interpreted section 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Applying this standard, the Court finds that a certificate of appealability is unwarranted.

Conclusion

**IT IS THEREFORE ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court shall substitute Renee Baker, for Robert LeGrand, on the docket for this case, as the respondent warden.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus in this case (ECF No. 1) is denied.

**IT IS FURTHER ORDERED** that Petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court is to enter judgment accordingly.

DATED THIS 12th day of July, 2018.

HOWARD D. McKIBBEN,
UNITED STATES DISTRICT JUDGE