UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LOREN RAYMOND FOLLETT,<br><br>Petitioner,<br><br>v.<br><br>RENEE BAKER, *et al.*,<br><br>Respondents. | Case No. 3:16-cv-00370-HDM-WGC<br><br>ORDER |

In this habeas corpus action, brought by Nevada prisoner Loren Raymond Follett, the Court denied Follett's habeas petition on July 12, 2018 (ECF No. 25), and judgment was entered that same day (ECF No. 26).

On August 15, 2018, despite being represented by counsel, Follett filed, on his own behalf, a motion for reconsideration and motion for stay (ECF Nos. 27, 28). On August 17, 2018, the Court denied those motions on the ground that, under the Court's local rules, "[a] party who has appeared by attorney cannot while so represented appear or act in the case" (LR IA 11-6), and because the motions were meritless at any rate. *See* Order entered August 17, 2018 (ECF No. 29).

On September 5, 2018, Follett, again acting *pro se*, filed a "Reply" to the August 17, 2018 order (ECF No. 30). Then, on September 11, 2018, Follett filed a *pro se* "Motion for Leave to File Supplemental Points and Authorities in Support of Petition Under 28 U.S.C. 2254 for a Writ of Habeas Corpus" (ECF No. 31). The Court construed those filings

1

1 as a motion for relief from judgment and denied the motion because Follett was still
2 represented by counsel, and because the motion was without merit.

3 On September 13, 2018, Follett filed three more motions: an application to proceed *in forma pauperis* (ECF No. 33), a motion for discharge and substitution of his counsel (ECF No. 34), and a motion for stay (ECF No. 35).

The Court will grant in part, and deny in part, Follett's motion for discharge and substitution of his counsel (ECF No. 34). The Court will grant the motion to the extent that he seeks for the Court to recognize the discharge of his counsel. Follett will now proceed *pro se*. The Court will, however, deny Follett's motion to the extent that he appears to request appointment of replacement counsel. "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The Court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. As this action is completed, and as the Court has denied Follett a certificate of appealability, appointment of counsel is unnecessary.

The Court will deny the motion for stay (ECF No. 35) and the application to proceed *in forma pauperis* (ECF No. 33). Follett makes no showing of any need for a stay, or to proceed *in forma pauperis* in this action.

**IT IS THEREFORE ORDERED** that the petitioner's "Motion for Leave to Withdraw Attorney of Record and for Substitution of Attorney (ECF No. 34) is **GRANTED IN PART AND DENIED IN PART**. The Court recognizes the petitioner's discharge of his counsel, and the Court treats the petitioner as now *pro se* in this case. In all other respects, this motion is denied.

1    **IT IS FURTHER ORDERED** that the Clerk of the Court shall update the docket to
2    reflect that the petitioner is now *pro se*, and that his address of record is Loren R. Follett,
3    #1104802, Lovelock Correctional Center, 1200 Prison Road, Lovelock, NV 89419. The
4    Clerk of the Court is further directed to send the petitioner a copy of this order.
5    **IT IS FURTHER ORDERED** that the petitioner's application to proceed *in forma*
6    *pauperis* (ECF No. 33) and motion for stay (ECF No. 35) are **DENIED**.

        DATED THIS 24th day of September, 2018.

                                        _____
                                        HOWARD D. McKIBBEN,
                                        UNITED STATES DISTRICT JUDGE